UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00006

**Aspen Specialty Insurance Co.,**
*Plaintiff,*

v.

**Yin Investments USA, LP,**
*Defendant.*

## ORDER

Aspen Specialty Insurance ("Aspen") issued an insurance policy to Yin Investments USA ("Yin"). In this case, Aspen seeks a declaration that its policy does not cover certain hail damage to Yin's property.

In a counterpart case also pending in this court (No. 6:20-cv-242), Yin seeks damages from the Aspen for the same denial of coverage. Yin initially filed that damages action in state court. And that action originally named as the defendant only Aspen's parent company, Aspen American Insurance Co. ("the parent company"). That parent company has the same Texas citizenship as does Yin, preventing federal diversity jurisdiction. Aspen itself has citizenship diverse from Yin.

After Yin filed its state-court action, Aspen filed this federal action for a declaration of no insurance coverage and for attorney's fees. Yin was also told that its state-court action named the wrong defendant.

Yin then amended its state-court action to add Aspen as a defendant. But Yin did not drop the parent company from that action. Aspen then removed Yin's damages action from state court to this court, arguing improper joinder of the parent company and, therefore, complete diversity of the properly joined parties. Yin has not contested that theory.

The court now grants Yin's motion (Doc. 13) to dismiss this federal declaratory action. A federal court has "unique and substantial discretion in deciding whether to declare the rights of litigants" under the Declaratory Judgment Act, 28 U.S.C § 2201(a). *Wilton v. Seven Falls Co.*, 515 U.S. 277, 278-88 (1995). Although this case does present an actual and justiciable controversy, the court declines to exercise its discretion to consider declaratory relief here given that the same controversy is presented in Yin's first-filed damages action.

In making that decision, the court considers the factors described in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994), as adapted to the circumstances of this case. First, as Aspen admits, all issues in this case are "capable of being decided in the state court action" that has now been removed to this court. Doc. 17 at 12. Yin's action was the first in time to present the insurance dispute at issue, even if Yin's understanding of the proper defendant started on the wrong track (it has now been corrected).

Second, fairness considerations weigh in favor of dismissal. Aspen brought this declaratory action knowing that Yin had already brought a breach-of-contract claim to which Aspen was the proper defendant (and in which Aspen's parent company was represented by the same counsel as is Aspen).

Finally, efficiency consideration also favor dismissal. Even before removal of Yin's state-court suit to federal court, the federal forum was no more convenient than the state forum, which was in the same county where the insured property is located. In any event, Yin's suit has now been removed to this court, making it equally convenient to the parties to litigate the dispute there versus here. And the continuation of this parallel declaratory action would not promote efficiency. The other *Trejo* factors are either neutral or counsel dismissal.

One of Yin's arguments, however, is no longer pertinent. Yin's motion invokes the Anti-Injunction Act, 28 U.S.C. § 2283, which has been read to bar a federal declaratory judgment

that would, if converted into coercive relief, yield an injunction that stays a state-court proceeding. *See Tex. Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 508 (5th Cir. 1988). But now that Yin's damages action has been removed to this federal court, that action is no longer a state-court proceeding implicating the Act's bar on federal declaratory relief. Of course, that bar might become relevant were Yin's damages action remanded to state court.

The dismissal of this action includes Yin's counterclaim for attorneys' fees pursuant to the Texas Declaratory Judgment Act. Although that Act does provide for attorney's fees, *see* Tex. Civ. Prac. & Rem. Code § 37.009, that provision is procedural law and thus does not govern in this diversity action. *See Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208 (5th Cir. 1998); *Mass. Mut. Life Ins. Co. v. Sanders*, 787 F. Supp. 2d 628, 640-41. (S.D. Tex. 2011). The counterclaim thus fails to state a claim. In any event, the court understands Yin's motion to dismiss as stipulating that Yin's counterclaim should be dismissed if Aspen's declaratory claim is dismissed. Yin's motion expressly asked the court to dismiss "this matter" (Doc. 13 at 5), and that motion contained no proposed order seeking only a narrower dismissal.

## Conclusion

Yin's motion to dismiss (Doc. 13) is **granted.** The court **orders** this case **dismissed with prejudice**. Any pending motions are **denied as moot**, and the clerk of court is **directed** to close the case.

*So ordered by the court on August 5, 2020.*

J. CAMPBELL BARKER
United States District Judge